UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MITCHELL MONTGOMERY, 98B1838,

          Petitioner,

    -v-

J. LEMPKE, Superintendent,

          Respondent.

**DECISION and ORDER**
12-CV-1245Sr

    The petitioner, Mitchell Montgomery, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court Court, Erie County, State of New York, on February 7, 1991 was unconstitutionally obtained, as set forth more precisely in the petition. Petitioner has requested *in forma pauperis* status and requested appointment of counsel.

    Petitioner's request to proceed as a poor person is granted.

    There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's request for appointment of counsel under the appropriate standard, as issue has yet to be joined. Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time.

    According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

It appears to the Court that this petition should be barred under 28 U.S.C. § 2244(d)(1) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. Specifically, it appears that more than a year has passed since the judgment became final, and that even taking into account the effect of the tolling periods provided by the filing of petitioner's one or more collateral attacks, the petition is untimely. The filing of collateral attacks does not restart the statute of limitations period. As the Second Circuit made clear in *Smith v. McGinnis*, the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000). Put another way, tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired. Since the statutory period expired before petitioner filed his collateral attacks, the tolling provision is inapplicable and the petition is untimely.

In order to permit the Court to properly evaluate the issue, petitioner is directed to complete the attached § 2254 Timeliness Response Form entitled "Petitioner's Response as to Why the Petition Is Not Time-Barred Under 28 U.S.C. § 2244(d)(1)" and return it to the Clerk of Court by **January 31, 2013**. Petitioner should be sure to include in the Response specific and detailed information addressing the Court's concerns. Petitioner should be sure to include the specific date when each collateral attack, if any, was filed and when each was finally determined, including the filing and determination dates of any appeals of the collateral attack. Petitioner should also provide the Court with any other information which may be relevant to the Court's determination of the statute of limitations issue.

**Failure to return the properly completed form by January 31, 2013 will result in the automatic dismissal of the petition as an abuse of the writ of habeas corpus.**

IT HEREBY IS ORDERED, that petitioner's request to proceed as a poor person is granted; and

FURTHER, that petitioner is directed to file a response to this order by **January 31, 2013**; and

FURTHER, that if the Petitioner's § 2254 Timeliness Response Form is not filed by **January 31, 2013**, the Clerk of the Court is directed to dismiss the petition as an abuse of the writ of habeas corpus without further notice.

SO ORDERED.

Dated: 12/28, 2012
Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court

3