UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MITCHELL MONTGOMERY, 98B1838,

    Petitioner,

-v-

J. LEMPKE, Superintendent,

    Respondent.

DECISION AND ORDER
12-CV-1245Sr



---

Petitioner, Mitchell Montgomery, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, Erie County, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition. By Order filed January 2, 1013, petitioner was directed to file information regarding why the petition is not untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas petitions. The limitations period is counted from --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On January 9, 2013, petitioner filed his response. The Court has examined the response and finds that the petition is barred by the limitation of time established by 28 U.S.C. § 2244. Specifically, petitioner's judgment became final and his time expired to seek direct review of his conviction in 1991. For convictions which became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, which enacted the one year statute of limitations, the courts provided petitioners a one year grace period in which to file petitions for habeas corpus relief. *See Ross v. Artuz*, 150 F.3d 97, 102 (2d Cir. 1998) ("in light of Congress's selection of one year as the limitations period, we conclude that prisoners should have been accorded a period of one year after the effective date of AEDPA in which to file a first § 2254 petition or a first § 2255 motion"). That extension of time expired on April 24, 1997. Petitioner did not file this habeas corpus petition until December 17, 2012, some twenty one years after his conviction became final and some fifteen years after the conclusion on April 23, 1997, of the one-year grace period for filing such petitions. *See Ross v. Artuz*, 150 F.3d 97, 102 (2d Cir. 1998) ("in light of Congress's selection of one year as the limitations period, we conclude that prisoners should have been accorded a period of one year after the effective date of AEDPA in which to file a first § 2254 petition or a first § 2255 motion").

Petitioner's explanation does not provide any information which would permit the Court to extend the limitations period beyond the one year. While petitioner does indicate

that he filed at least one collateral attack on his conviction, the statute of limitations for filing this habeas petition expired prior to the filing of any collateral attacks. The one-year period of limitations on a petition for habeas corpus is tolled only for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending." 28 U.S.C. § 2244(d)(2). Tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired. Since the statutory period expired before petitioner filed his collateral attacks, the tolling provision is inapplicable and the petition is untimely. Petitioner's delay is fatal to his petition.

Further, petitioner has not identified any "extraordinary circumstance" which made it impossible to file his petition within the one-year time period. Therefore, petitioner has failed to provide a basis for the Court to extend the limitations period beyond the one year. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) ("In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. ... In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll"), cert. denied, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed.2d 63 (2000); see also Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2d Cir. 1996) (noting that the Second Circuit has applied equitable tolling doctrine "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights") (internal quotation marks and citation omitted).

The burden is on the petitioner to demonstrate that he has met the high standard required before the Court may consider applying equitable tolling to his situation.

3

*Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) ("[P]etitioner [must] 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'") (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)), *cert. denied*, 536 U.S. 925, 122 S. Ct. 2593, 153 L. Ed.2d 782 (2002). Because the Court finds that petitioner has failed to meet this high standard, the Court is constrained to apply the statute as written and dismiss the motion as untimely.

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

4

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED.

Dated: JAN. 17, 2013
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge